NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAFAEL RODRIGUEZ, | : | |
| Petitioner, | : | Civil No. 13-6960 (JBS) |
| v. | : | |
| WARDEN J. HOLLINGSWORTH, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

Rafael Rodriguez, *Pro Se*
#51904-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, Chief Judge

   Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey. He is proceeding *pro se* with this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   On November 21, 2013, this Court administratively terminated this case as Petitioner had neither paid the $5.00 filing fee nor submitted an application to proceed *in forma pauperis* ("IFP"). Subsequently, Petitioner submitted the IFP application and this

matter was reopened. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## BACKGROUND

After a trial and jury verdict in the United States District Court, Southern District of New York, Petitioner was found guilty of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, and received a 188-month prison sentence. *See United States v. Rafael Rodriguez*, S.D.N.Y. No. 03-cr-1280-AKH-2; *Rodriguez v. United States*, 07-cv-9273-AKH.[1] The United States Court of Appeals for the Second Circuit ultimately denied Petitioner's direct appeal in 2006. *See Rodriguez,* 03-cr-1280-AKH (Docket Item 108). In September of 2007, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See Rodriguez*, 07-cv-9273-AKH. In that motion, Petitioner argued that he was denied effective assistance of counsel and that the District Court committed reversible error by instructing the jury on a drug amount not proven at trial, amongst other arguments. *See id.* (Docket Item 1). On July 10, 2008, the § 2255 motion was denied on the merits. *See id.* (Docket Item 3). Petitioner appealed the denial of the motion and on February 25, 2009, the Court of Appeals

---

[1] The Court takes judicial notice of the proceedings in petitioner's prior criminal and subsequent federal habeas proceedings. *See McPherson v. United States*, 392 F. App'x 938, 940 n. 1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

2

for the Second Circuit denied a certificate of appealability and dismissed the appeal. *See id.* (Docket Item 4).

Petitioner has now filed the instant habeas petition in this Court pursuant to 28 U.S.C. § 2241.[2] He claims that he is entitled to an evidentiary hearing pursuant to the Supreme Court's decision in *Alleyne v. United States, infra*, to protect his due process rights and in support of his argument that he was denied effective assistance of counsel at trial. (Docket Item 1, p. 1).

## DISCUSSION

A. **Standard for *Sua Sponte* Dismissal**

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy

---

[2] Section 2241 states in relevant part:

 (c) The writ of habeas corpus shall not extend to a prisoner unless—
    (3)  He is in custody in violation of the Constitution or laws
         or treaties of the United States . . .
28 U.S.C. § 2241(c).

of the courts to give a liberal construction to pro se habeas petitions.")(internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.")(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

**B.    The Petition Must Be Dismissed.**

Petitioner is challenging the conviction and subsequent sentence he received in the Southern District of New York in this § 2241 federal habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (*per curiam*) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such

4

> a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Court of Appeals for the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to

5

challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil*, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Here, Petitioner relies on *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013), arguing that sentencing enhancements concerning the quantity of drugs were found by the judge as opposed to a jury.

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate; rather, Petitioner's claim is that he was improperly given sentencing enhancements. Such an argument is insufficient to fall within the *Dorsainvil* exception as it relates to an argument that Petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was

6

convicted. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied,* --- U.S. ----, 133 S. Ct. 201, 184 L.Ed.2d 102 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (*per curiam*) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted—possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255

7

does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Additionally, Petitioner's reliance on the Supreme Court's decision in *Alleyne* does not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition to move forward. Indeed, as the Third Circuit has stated:

> [Petitioner] cannot avail himself of the [*Dorsainvil*] exception in this case. As noted above, he relies on the Supreme Court's decision in *Alleyne* to support his petition. *Alleyne* is essentially an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000): in *Apprendi*, the Court held that under the Fifth And Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi*, 530 U.S. at 490, and in *Alleyne*, the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," *Alleyne*, 133 S.Ct. at 2163. We have held that, " § 2255[i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument," *Okereke*, 307 F.3d at 121, and there is no basis to treat claims brought under *Alleyen*e differently.

*Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014) (*per curiam*); *see also Oliver–Diaz v. Warden Fort Dix FCI*, No. 13-4609, 2014 WL 1364001, at *1 (3d Cir. Apr. 8, 2014) (*per curiam*). Similar to *Sacksith*, Petitioner's reliance on *Alleyene* in this case does not warrant finding that this case falls within the *Dorsainvil* exception to establish jurisdiction. *Accord Sacksith*, 2014 WL

279754, at *2. Therefore, Petitioner improperly relies on § 2241 in raising his sentencing enhancement claim.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Second Circuit as a request to file a second or successive § 2255 motion. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (finding that *Alleyne* does not apply retroactively to cases on collateral review). However, the Court's decision to not transfer this case to the Second Circuit does not prevent petitioner from seeking leave from the Second Circuit to file a second or successive § 2255 motion should he elect to do so.

## CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate Order will be entered.

 s/ Jerome B. Simandle
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **August 15, 2014**

9